IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>REBECCA ANN BROWN PERRY,<br><br>                Debtor,<br>_____<br><br>TEACHERS RETIREMENT SYSTEM OF GEORGIA,<br><br>                Plaintiff,<br><br>v.<br><br>REBECCA ANN BROWN PERRY,<br><br>                Defendant.<br>_____ | CHAPTER 7<br><br>CASE NO. 13-20551-REB<br><br><br><br><br><br><br><br><br>Adv. No. _____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW, the Teachers Retirement System of Georgia ("TRS"), by and through counsel, Samuel S. Olens, Attorney General for the State of Georgia, and files this Complaint to Determine the Dischargeability of Debt as follows:

1.

Plaintiff is an authority of the State of Georgia.

2.

Among other duties, Plaintiff is responsible for administering the payments of retirement benefits to persons who are eligible for benefits through TRS.

3.

This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

4.

This Court has jurisdiction of this action under 28 U.S.C. § 1334.

5.

Defendant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on February 28, 2013, in case number 13-20551-JRB. Defendant is subject to the jurisdiction of this Court.

6.

Venue is appropriate in this Court.

7.

This is an action under 11 U.S.C. § 523(a)(2) for a determination that the indebtedness owed to Plaintiff by Defendant is excepted from discharge.

8.

Defendant's late husband, James H. Perry, Jr., received retirement benefits following his retirement in 1989. Mr. Perry died on December 8, 2010. At that time, his retirement benefits were exhausted and no further monthly benefit payments were to be made.

9.

Defendant never informed TRS of her husband's death. In January 2011 and February 2011, Defendant received from Plaintiff benefit overpayments for Mr. Perry in the total amount of $7,051. 61, and utilized those funds for her own purposes.

10.

In February 2011, TRS discovered that Mr. Perry was deceased through its monthly Mortality Verification Analysis and confirmed that fact by locating an obituary.

11.

TRS made repeated attempts to obtain repayment from Defendant.  Specifically, TRS contacted the bank and learned that the overpayment funds were no longer available.  TRS contacted Defendant, and, at the direction of Defendant and her family, TRS contacted her son, daughter, and attorneys involved in the administration of Mr. Perry's estate, but to no avail.

12.

Defendant is herself a retiree receiving her own retirement benefits through TRS.

13.

On October 19, 2011, Defendant, through her daughter Mignon Cash exercising power of attorney, signed a repayment agreement wherein Defendant acknowledged that she had received an overpayment of Mr. Perry's retirement benefits in the amount of $7,051.61 and agreed that $300.00 per month would be deducted from Defendant's own monthly benefit, beginning on December 1, 2011, until the overpayment has been paid in full.   A true and correct copy of the Repayment Agreement is attached hereto as Exhibit "A" and by reference made a part hereof.

14.

Three Hundred Dollars ($300.00) per month was deducted from Defendant's monthly benefit from December 1, 2011, through March 1, 2013.  Further deductions have not been made due to the filing of Defendant's bankruptcy petition.

15.

Defendant is currently indebted to Plaintiff for the outstanding balance of the overpayment in the amount of $2,251.61.

16.

Defendant was not entitled to receive the benefit overpayment for Mr. Perry for January 2011 and February 2011 and did not advise TRS of the overpayment. Defendant is liable to Plaintiff for the benefit overpayment.

17.

Defendant's obligation to Plaintiff is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2), and 523(a)(4).

WHEREFORE, the Teachers Retirement System of Georgia respectfully prays:

(1)   that its claim be excepted from discharge as it falls within the purview of 11 U.S.C. §§ 523(a)(2), and 523(a)(4);

(2)   that it be granted judgment for $2,251.61 plus interest against Defendant;

(3)   that it be granted such other and further relief as the Court deems just and proper.

This  28th  day of May, 2013.

                Respectfully submitted,

                SAMUEL S. OLENS     551540
                Attorney General

                /s/ W. Wright Banks, Jr.
                W. WRIGHT BANKS, JR.  036156
                Deputy Attorney General

                /s/ Elizabeth A. Harris
                ELIZABETH A. HARRIS  300124
                Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

ELIZABETH A. HARRIS
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 651-6249
E-mail: eharris@law.ga.gov